**Michael LeRoyce BACON, Plaintiff-Appellant,**

v.

**CITY OF LOS ANGELES, et al., Defendants–Appellees.**

No. 87–5848.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1987.

Decided March 31, 1988.

---

Timothy J. Midgley, Hugh R. Manes, Manes & Watson, Los Angeles, Cal., for plaintiff-appellant.

Jack L. Brown, Deputy City Atty., Los Angeles, Cal., for defendants-appellees.

Before SNEED and PREGERSON, Circuit Judges, and INGRAM,* District Judge.

SNEED, Circuit Judge:

Bacon appeals from a summary judgment against him in his civil rights action brought against ten police officers and the City of Los Angeles. We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

Bacon commenced his litigation in state court. On March 15, 1982, he filed a complaint for damages in the Los Angeles Superior Court. He asserted causes of action for battery, negligent employment, and violation of federal civil rights. Named defendants included the City of Los Angeles

and the police officers. Bacon alleged that the police officers had used excessive force in arresting him on June 17, 1981.

Trial was set for January 17, 1987 in the Superior Court. At that time, Bacon was confined at the California State Medical Facility at Vacaville. On January 12, Bacon moved for a continuance until February 24 on the ground that his trial counsel was engaged in three other trials. The court continued Bacon's trial until January 26, to allow another attorney to prepare as trial counsel.

Bacon's attorney then began efforts to secure Bacon's presence at trial. On January 14, he filed an application for an order for Bacon's production at trial. The court apparently did not rule on this application. On January 20, Bacon's attorney filed an ex parte application for an order for Bacon's production. The court denied this application on January 26, "on the grounds that since plaintiff was represented by counsel and had had his deposition taken, his physical presence at trial was not required to properly present his case." The court offered to grant a continuance to enable Bacon's attorney to file a writ challenging the denial of his application, but counsel declined the offer.

Next, Bacon's attorney reviewed Bacon's deposition, determined that the deposition was deficient, and concluded that further testimony would be required. He therefore gave notice of his intention to apply ex parte on January 27 for reconsideration of the court's denial of the application for an order for Bacon's production at trial. On that date the court declined to hear the application ex parte; instead, the court required an order shortening time for a properly noticed motion to reconsider.

Bacon's attorney tried a number of procedural tactics to obtain Bacon's production at trial. None of these efforts were successful. Ultimately, on February 3, 1987, the state court informed Bacon's attorney that unless he was able to proceed to

* Honorable William A. Ingram, United States District Judge, Northern District of California, sitting by designation.

trial immediately, it would dismiss the action with prejudice. Although Bacon's attorney informed the court that he wished to proceed, on that same day he filed a complaint in the United States District Court for the Central District of California, alleging an identical civil rights claim against the same defendants. On February 4, 1987, he dismissed the state court action without prejudice, and filed an amended complaint in the district court.

The defendants responded with a motion to dismiss pursuant to Rule 12(b)(6) based on plaintiff's failure to bring his action within the period allowed by the applicable statute of limitations. The plaintiff opposed the motion on the ground that equitable tolling caused the statute of limitations defect that appeared on the face of the complaint. The motion was granted. The parties, however, agree that the plaintiff's reliance on equitable tolling converted the motion to dismiss into one for summary judgment which was granted by the district court.

Our review of the granting of summary judgment is de novo. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 629 (9th Cir.1987).

## II.

## EQUITABLE TOLLING

Bacon concedes that federal action is barred unless his state court proceedings tolled the statute of limitations.

Whether the statute is tolled in section 1983 cases is determined by state law not inconsistent with federal policy. *See Board of Regents v. Tomanio,* 446 U.S. 478, 483–85, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). Under California law, the law applicable to this case, three conditions must be met to toll the statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith. *See Addison v. State,* 21 Cal.3d 313, 319, 146 Cal.Rptr. 224, 227, 578 P.2d 941, 943–44 (1978); *see also*

*Electronic Equip. Express, Inc. v. Donald H. Seiler & Co.,* 122 Cal.App.3d 834, 847 n. 3, 176 Cal.Rptr. 239, 247 n. 3 (1981) (citing cases applying tolling doctrine).

The defendant had notice and would not be prejudiced by being required to defend the claim in federal court rather than state court. The heart of the problem in this case is whether plaintiff's conduct has been reasonable and in good faith. We hold that it was not reasonable and not in good faith. Plaintiff's behavior reflects an effort to delay the disposition of this claim at the state level for as long as the state court would permit. Only when that court's tolerance was exhausted did plaintiff drop his state proceedings and file the identical claim in federal court. It is extremely doubtful that the federal court would be more sympathetic to counsel's efforts to produce the plaintiff than was the state court. The district court was correct when it concluded that "plaintiff was simply trying to delay the action without good cause." E.R. tab 6 at 3.

We recognize that we have found no California case that presents the same fact situation as does this one. Usually the dismissal of the first action was not wholly voluntary but rather was the result of a legal roadblock encountered in the first action for which plaintiff was not responsible. *See Addison v. State,* 21 Cal.3d 313, 146 Cal.Rptr. 224, 578 P.2d 941 (1978) (plaintiff filed tort action in federal court, alleging federal and state claims; defendant moved to dismiss for lack of jurisdiction; plaintiff, anticipating adverse ruling, filed action in state court; federal court granted motion to dismiss); *Elkins v. Derby,* 12 Cal.3d 410, 115 Cal.Rptr. 641, 525 P.2d 81 (1974) (plaintiff pursued workers compensation action; Board determined plaintiff was not entitled to benefits; plaintiff then brought tort action); *Bollinger v. National Fire Ins. Co.,* 25 Cal.2d 399, 154 P.2d 399 (1944) (state court granted nonsuit against plaintiff on ground that action was prematurely filed; plaintiff not barred from bringing subsequent identical action in state court); *Mattson v. City of Costa Mesa,* 106 Cal.App.3d 441, 445 n. 3, 164

Cal.Rptr. 913, 921 n. 3 (1980) (dictum) (*if a federal court declines to exercise pendent jurisdiction over state claims and plaintiff promptly brings an action in state court, equitable tolling will apply*); *Nichols v. Canoga Indus.*, 83 Cal.App.3d 956, 148 Cal.Rptr. 459 (1978) (plaintiff brought action in federal court asserting federal and state claims; federal court dismissed federal claims as time-barred, then dismissed state claims for lack of pendent jurisdiction; equitable tolling applies in plaintiff's subsequent state court action).

The only remotely similar California case we have found is *Jones v. Tracy School Dist.*, 27 Cal.3d 99, 165 Cal.Rptr. 100, 611 P.2d 441 (1980). There the plaintiff initially complained to the U.S. Department of Labor; then for reasons not revealed by the record ceased to seek federal relief and filed an action in the state court under the California Labor Code. Citing *Elkins* and *Addison,* the court held that the plaintiff had raised a triable issue of fact as to whether she met the requirements for equitable tolling. *Jones* is of limited precedential value on this point, since the court did not state the factors that supported equitable tolling of the plaintiff's case. It held only that the lower court had not examined the issue.

One factor that might have supported tolling in *Jones* is absent here. In *Jones,* tolling was necessary to permit any court proceedings. The plaintiff did not, as was done here, abandon one court without cause to pursue relief in another. Rather she dropped administrative proceedings under one legal system and sought judicial relief under another. More important, *Jones* suggests no effort on the part of that plaintiff to string out proceedings until forced to the brink of administrative disposition and then to abandon the federal administrative remedy for a judicial remedy under state law. In this case the plaintiff, to repeat, did string out state proceedings until forced to the brink of trial and then abandoned those proceedings to initiate federal proceedings on precisely the same claim.

In reaching this conclusion, we recognize that the enactment of 42 U.S.C. § 1983 117 years ago reflected a "grave congressional concern that the state courts had been deficient in protecting federal rights." *Allen v. McCurry*, 449 U.S. 90, 98–99, 101 S.Ct. 411, 417, 66 L.Ed.2d 308 (1980). It defies good sense, however, to conclude that the courts of the State of California today are deficient in protecting the rights of plaintiffs under the federal Constitution.

AFFIRMED.

PREGERSON, Circuit Judge, dissenting.

California courts have yet to articulate a clear standard for determining whether a party has acted in "good faith" for purposes of equitable tolling. The defendants contend that no finding of good faith can be made when a plaintiff begins litigation in one court, then voluntarily dismisses the action and refiles it in another court. Although none of the cases cited in the briefs present an identical posture, the California Supreme Court *has* applied equitable tolling in a case in which the plaintiff voluntarily abandoned an *administrative* proceeding to pursue her claim in court. *See Jones v. Tracy School Dist.*, 27 Cal.3d 99, 108–09, 165 Cal.Rptr. 100, 104–05 (1980) (plaintiff complained to the United States Department of Labor, then—for reasons not revealed by the record—abandoned her federal claim and filed an action in state court under the California Labor Code). In light of the clear policy behind the equitable tolling doctrine—"avoiding forfeitures and allowing good faith litigants their day in court," *Addison v. California*, 21 Cal.3d 313, 320–21, 146 Cal.Rptr. 224, 228, 578 P.2d 941, 944–45 (1978)—I find *Jones* indistinguishable.

In *Addison,* the California Supreme Court indicated that "courts have adhered to a general policy which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." 21 Cal.3d at 317, 146 Cal.Rptr. at 226, 578 P.2d at 943 (cita-

tions omitted). It would be anomalous to recognize a plaintiff's right to choose among forums, yet hold that a plaintiff who abandons one forum to pursue his claim in another acts in bad faith. I cannot conclude that a California court would find bad faith under these circumstances.

Moreover, it would be consistent with federal policy to apply equitable tolling in this case. Congress enacted 42 U.S.C. § 1983 in response to a "grave ... concern that the state courts had been deficient in protecting federal rights." *Allen v. McCurry,* 449 U.S. 90, 98–99, 101 S.Ct. 411, 417, 66 L.Ed.2d 308 (1980). By opening the doors to the federal courts, Congress recognized the importance of allowing civil rights plaintiffs a *choice* of forums. In this case, Bacon feared that he could not vindicate his rights in the state court. Whether he was right or wrong in that assessment, federal policy mandates that he be given the opportunity to pursue his claim in the federal court. I would reverse on that basis.