**Aline ERVIN, Plaintiff–Appellant,**

v.

**COUNTY OF LOS ANGELES, a chartered governmental entity, Defendant–Appellee.**

No. 87–5871.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 1988.*

Decided June 13, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Donald Barnett, William H. Ford, III, Vincent W. Davis, Los Angeles, Cal., for plaintiff-appellant.

J. Patrick Joyce, Deputy Co. Counsel, Los Angeles, Cal., for defendant-appellee.

Before KOELSCH, KILKENNY, and FARRIS, Circuit Judges.

KILKENNY, Senior Circuit Judge:

Aline Ervin ("appellant") appeals from the dismissal of her civil rights action for failure to state a claim upon which relief could be granted, based on the running of the applicable statute of limitations. We review *de novo, see Schlegel v. Bebout,* 841 F.2d 937, 941 (CA9 1988) (failure to state a claim); *Sheet Metal Workers, Local 150 v. Air Sys. Eng'g, Inc.,* 831 F.2d 1509, 1511 (CA9 1987) (statute of limitations), and we affirm.

The appellant argues that the statute of limitations relevant to her federal civil rights action was equitably tolled by virtue of her previously having filed a tort claim action in state court. This contention lacks merit.

▆ In order for a statute of limitations to be equitably tolled, there must be a showing of three things: first, that the plaintiff gave timely notice to the defendant of the plaintiff's claim; second, that the resultant delay did not cause prejudice to the defendant's position; and third, that the plaintiff acted reasonably and in good faith. *Bacon v. City of Los Angeles,* 843 F.2d 372, 374 (CA9 1988); *Addison v. State,* 21 Cal.3d 313, 319, 146 Cal.Rptr. 224, 227 (1978). As a general proposition, state law governs the application of equitable tolling to the statute of limitations in a federal civil rights action. *See Bacon,* 843 F.2d at 374 ("state law not inconsistent with federal policy") (*citing Board of Regents v. Tomanio,* 446 U.S. 478, 483–85, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980)). A qualification to these general statements is that, under California law, which clearly controls on this point, equitable tolling is inapplicable to a situation in which "a plaintiff who allegedly suffered several different wrongs pursues only *one* remedy as to *one* of those wrongs." *Loehr v. Ventura Community C. Dist.,* 147 Cal. App.3d 1071, 1086, 195 Cal.Rptr. 576, 585 (1983) (pursuit of civil rights action in federal court did not equitably toll statute of limitations with respect to tort claims subsequently asserted in state court because, *inter alia,* state and federal causes of action unrelated and predicated on different wrongs) (emphasis in original).

▆ Here, although the procedural history of this case presents the flip side of the situation in *Loehr, supra,* we find compelling the California court's analysis of factually related state and federal claims as nevertheless constituting legally distinct wrongs. Because the appellant elected to pursue only one remedy as to one distinct wrong, the district court did not err in holding that the statute of limitations relevant to the appellant's federal civil rights

action had not been equitably tolled by her previous filing of the state tort claim action.

 Even if we agreed with the appellant's contention that her state and federal claims were not legally distinct wrongs, however, we would still decline to apply equitable tolling to these facts. Although the record reflects the giving of timely notice to the County of Los Angeles ("appellee") as well as a lack of prejudice to the appellee, the appellant failed to show that she acted reasonably and in good faith by delaying the filing of her federal civil rights action beyond the statutory limitations period. Our examination of the record reveals that the appellant had not only conducted an investigation of her own into the facts of this case, but had been in possession of a copy of the results of the appellee's own investigation file as well for perhaps as much as a year and a half prior to her filing the instant action in federal district court. While it is true, as Judge Pregerson pointed out in his dissent in *Bacon*, 843 F.2d at 375, that the California courts have not clearly defined "good faith" for purposes of determining the applicability *vel non* of equitable tolling, we conclude that, under the facts as presented here, "good faith" is to be used in its plain and ordinary sense, and that the appellant's unwarranted delay in filing her federal civil rights claim was neither reasonable nor in good faith.

The decision of the district court is AFFIRMED.[1]

---

1. For the reasons set forth above, we need not and do not address the appellee's argument that the appellant lacked the capacity to bring this federal action on behalf of herself, her son, or his estate.