951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred BANKS, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO; City of San Diego; et al.,
Defendants-Appellees.
 No. 91-55133.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 30, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Banks appeals pro se the dismissal of his 42 U.S.C. § 1983 action against the County of San Diego and the City of San Diego as time barred under Cal.Code Civ.P. § 340(3), the statute of limitations applicable to section 1983 actions. Banks contends (1) the limitations period was equitably tolled because he pursued a state law remedy, (2) his section 1983 action is timely under a continuing violation theory because the state judge and city attorney conspired with the County and City, (3) he was improperly denied leave to file a second amended complaint, and (4) the district court judge paid insufficient attention to Banks's case because he was trying to eliminate a backlog to facilitate his impending resignation. We reject these contentions and affirm.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of this section 1983 action de novo. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986).
 
 
 4
 In a section 1983 action in California, we apply the one-year limitations period of Cal.Code Civ.P. § 340(3). McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991). The matter of whether the statute of limitations is equitably tolled in a section 1983 action is determined by California state law not inconsistent with federal policy. Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir.1988). The limitations period may also be extended if a plaintiff can show a continuing violation. Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480 (9th Cir.1989). A continuing violation may be established through a showing of either a series of related acts of which one falls within the limitations period or a discriminatory system maintained before and during the limitations period. Id.
 
 
 5
 Here, Banks brought his section 1983 action on July 13, 1990. He filed a first amended complaint on August 20, 1990, alleging he was falsely arrested and denied proper medical treatment on April 9, 1988. After April 9, 1988, Banks brought a state court tort action raising claims arising from the April 9, 1988 arrest. When Banks lost in state court on July 3, 1990, he brought this action.
 
 
 6
 First, under California law the section 1983 statute of limitations is not equitably tolled where a plaintiff pursues a state court tort claim arising from the same facts. Ervin v. Los Angeles County, 848 F.2d 1018, 1019 (9th Cir.1988), cert. denied, 489 U.S. 1014 (1989); see Loehr v. Ventura Community College Dist., 147 Cal.App.3d 1071, 1086, 195 Cal.Rptr. 576, 585 (1983) (pursuit of civil rights actions in federal court did not equitably toll statute of limitations with respect to factually related state court tort claims). Accordingly, the district court did not err in failing to find that the state court action tolled the limitations period.
 
 
 7
 Second, Banks bases his claim of a continuing violation on vague and conclusory allegations that the state judge conspired with the County and City by deciding against him in the state court case, and the city attorney conspired with the County and City by making unflattering comments about Banks and moving in state court for sanctions. Vague and conclusory allegations of conspiracy are not sufficient to withstand a motion to dismiss. See Gibson, 781 F.2d at 1343. Further, allegations that a judge engaged in a conspiracy may not be based upon the judge's conduct on the bench. See Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987) (claims of judicial bias require a showing of extrajudicial prejudice); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (judge is immune from damages for his judicial acts). Also, a city attorney is not subject to section 1983 liability for making unflattering comments and moving for sanctions. See Walnut Properties, Inc. v. City of Whittier, 861 F.2d 1102, 1110-11 (city attorneys have qualified immunity from § 1983 liability unless their conduct violates clearly established constitutional rights of which a reasonable person would be aware), cert. denied, 490 U.S. 1006 (1989). Accordingly, the district court did not err in failing to find the action timely under a continuing violation theory.
 
 
 8
 Third, the district court did not err in denying Banks leave to file his second amended complaint. The second amended complaint discusses a second false arrest on May 2, 1989; however, but Banks did not bring his action within one year of this alleged false arrest, and he adds no other facts to make his action timely. See Johnson v. American Airlines, Inc. 834 F.2d 721, 724 (9th Cir.1987) (no need to allow amended complaint if amendment would be futile).
 
 
 9
 Fourth, Bank's claim that the judge paid insufficient attention to Banks's case because he was trying to eliminate a backlog to facilitate his impending resignation fails to establish the extrajudicial prejudice needed to establish judicial bias. See Thomassen, 835 F.2d at 732; Ashelman, 793 F.2d at 1076.
 
 
 10
 We therefore affirm the district court's order dismissing the action.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3