983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce ALLEN, Petitioner-Appellant,
v.
William BUNNELL, Respondent-Appellee.
 No. 92-15694.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1992.*
Decided Jan. 4, 1993.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 MEMORANDUM**
 Bruce Allen appeals the district court's dismissal of his petition for habeas corpus, construed as an action under 42 U.S.C. § 1983, on the ground that a § 1983 action is barred by the statute of limitations.[1] He primarily argues that the running of the statute should have been equitably tolled while he exhausted state remedies. See, e.g., Irwin v. Veterans Administration, 498 U.S. 89, 111 S.Ct. 453, 457-58 (1990); Ervin v. County of Los Angeles, 848 F.2d 1018, 1019 (9th Cir.1988), cert. denied, 489 U.S. 1014 (1989); Addison v. State, 146 Cal.Rptr. 224, 226 (Cal.1978).
 Allen's habeas petition was properly rejected since he was not in custody at the time it was filed. However, Allen objected to the magistrate judge's report and recommendation dismissing the reconstrued pleading as time barred because it penalized him for having exhausted state remedies. The district court did not address this point, therefore we remand so that it may consider whether principles of equitable tolling are applicable to this case.
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There is no cross-appeal from the decision to treat Allen's petition as a claim for relief under § 1983