993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel ANDRISANI, Plaintiff-Appellant,
v.
SUPERIOR COURT; Robert L. Roberson, Jr.; Sally G. Disco;
Ronald E. Swearinger; Municipal Court; Daniel F. Calabro;
City of Glendale; Evelyn Robertson, Library Supervisor;
Jack Ramsey, Library Director; Burns International Security
Services, Defendants-Appellees.
 No. 92-56541.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 7, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Andrisani appeals pro se the district court's dismissal with prejudice of his 42 U.S.C. § 1983 action as barred by the statute of limitations and for lack of subject matter jurisdiction. The civil rights action arose when Andrisani brought a tort action in municipal court against the City of Glendale, California, the employees of a Glendale public library, and a security agency for allegedly expelling him from the library. After the municipal court dismissed the action and the Appellate department affirmed, Andrisani filed this action claiming that the judges of the municipal court and the appellate court had violated his due process and equal protection rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's dismissal of an action on statute of limitations grounds. Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 111 S.Ct. 951 (1991). When a motion to dismiss is based on the running of a statute of limitations period, dismissal can be granted "[o]nly if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991) (citations omitted).
 
 Statute of Limitations
 
 4
 Andrisani contends that the district court erred by dismissing his action as barred by the statute of limitations.[1] This contention lacks merit.
 
 
 5
 Title 42 U.S.C. § 1983 does not contain its own statute of limitations. Consequently, the applicable statute of limitations for section 1983 claim is the limitations period for personal injury causes of action under California state law. See Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.) (per curiam), cert. denied, 493 U.S. 860 (1989) (citing Wilson v. Garcia, 471 U.S. 261, 279-80 (1985)). Under California's applicable statute of limitations, a party has one year from the date he knew or should have known of the facts supporting a cause of action within which to commence his section 1983 claim. See Cal.Code Civ.Proc. § 340(3); see also Perez, 869 F.2d at 426. An action is deemed to be commenced when the complaint is filed. Fed.R.Civ.P. 3.
 
 
 6
 Federal law determines when a cause of action accrues. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991) (citing Norco Construction, Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir.1986), cert. denied, 112 S.Ct. 1161 (1992)). "A federal claim accrues when the plaintiff " 'knows or has reason to know of the injury which is the basis of the action.' " Id. (citations omitted).
 
 
 7
 Andrisani knew or had reason to know of the alleged injury that is the basis of his claims against the City of Glendale and the library defendants on May 20, 1988, the day he was allegedly expelled from the library. The present action was not filed until May 6, 1992, four years after the claim accrued. Therefore, these claims are barred. See id.; see also Perez, 869 F.2d at 426.[2]
 
 Subject Matter Jurisdiction
 
 8
 Andrisani contends that the district court erred by dismissing his action for lack of subject matter jurisdiction. This contention also lacks merit.
 
 
 9
 "The United States district courts have jurisdiction over general challenges to rules promulgated by state courts in nonjudicial proceedings which do not require a review of a final state court judgment in a particular case." Allah v. Superior Court, 871 F.2d 887, 890-91 (9th Cir.1989) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983)). "[T]hey do not have jurisdiction over direct challenges to final decisions of state courts, even if those challenges allege that the state court's action was unconstitutional." Id. "The proper court in which to obtain a direct review of state-court determinations is the United States Supreme Court." Id. at 891 (citing 28 U.S.C. § 1257(3)).
 
 
 10
 Here, Andrisani alleges that the judges of the municipal court and the appellate court denied him due process and equal protection by dismissing his action without leave to amend and seeks a reversal of their decisions. To the extent that Andrisani requested the district court to conduct a direct review of the state courts' judgments and to scrutinize their application of various rules and procedures relevant to his case, the district court lacked subject matter jurisdiction over his complaint. See id. at 891.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Andrisani appears to claim that the tort action equitably tolled the statute of limitations as to his civil rights claims. This claim is without merit
 The tort action was filed after the one year statute of limitations expired. See Cal.Code Civ.Proc. § 340. Moreover, state tort claims are "legally distinct" from federal civil rights claims. Ervin v. County of Los Angeles, 848 F.2d 1018, 1019-20 (9th Cir.1988), cert. denied, 489 U.S. 1014 (1989). The filing of a state tort action does not toll the statute of limitations in a federal civil rights action. Id.
 
 
 [2]
 With respect to the judge defendant's, Andrisani's claims arguably did not accrue until the denial of his request for certification to the court of appeal on May 17, 1991. Therefore, those claims are not time barred. Nevertheless, they fail as a matter of law. See infra