5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Siavash HUMAN, Plaintiff-Appellant,
v.
CITY OF SANTA MONICA, Defendant-Appellee.
 No. 92-56357.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CV-92-0025-RSWL(E); Ronald S.W. Lew, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Siavash Human appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action against the City of Santa Monica as time-barred under the applicable statute of limitations. Human also appeals the district court's denial of his motion for a new trial and his motion for entry of default judgment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291,[1] and we affirm.
 
 
 3
 * Statute of Limitations
 
 
 4
 We review de novo a district court's dismissal for failure to state a claim on the basis that it is time-barred.[2] Ervin v. County of Los Angeles, 848 F.2d 1018, 1019 (9th Cir.1988), cert. denied, 489 U.S. 1014 (1989). Section 1983 actions are governed by the forum state's statute of limitations for personal injury torts. Wilson v. Garcia, 471 U.S. 261, 280 (1985); Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987). In California, the statute of limitations applicable to civil rights claims is one year. Cal.Civ.Proc.Code Sec. 340(3); Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989). "[F]ederal law determines when a cause of action accrues. Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981) (citation omitted).
 
 
 5
 Here, Human based his civil rights action upon alleged police misconduct that occurred during Human's numerous visits to the Santa Monica police station between July 18, 1988 and May 19, 1989. Thus, Human's cause of action accrued no later than May 19, 1989. See id. Because Human did not initiate his action until January 2, 1992, his action was barred by the one-year statute of limitations. See Cal.Civ.Proc.Code Sec. 340(3); Del Percio, 877 F.2d at 786.
 
 
 6
 Human contends that the statute of limitations in this action was tolled by the complaint he filed in state court in 1989.[3] This contention lacks merit.
 
 
 7
 Whether the statute of limitations is equitably tolled in a section 1983 action is determined by forum state law not inconsistent with federal policy. Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir.1988). Under California law, pursuing state tort claims does not toll the statute of limitations on federal civil rights claims. See Ervin, 848 F.2d at 1019-20. Accordingly, the district court properly dismissed Human's action as time-barred.[4]
 
 II
 Default Judgment
 
 8
 We review a district court's denial of a motion for default judgment for an abuse of discretion. See Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ... the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). A default judgment, like any other judgment, may be entered against the defendant only if the defendant has been made a party to the action by service of process. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).
 
 
 9
 Here, the district court denied Human's motion for default judgment because he had not properly served the City of Santa Monica in accordance with Fed.R.Civ.P. 4(d)(6).[5] Human contends the district court erred by denying his motion because service by certified mail was sufficient to effect proper service upon the City of Santa Monica under Fed.R.Civ.P. 4(c)(2). This contention lacks merit.
 
 
 10
 Fed.R.Civ.P. 4(d)(6) requires that service upon a municipal or government organization be effected in the manner prescribed by the law of the state. Under California law, service upon a municipality must be accomplished by personal delivery, see Cal.Civ.Proc.Code Sec. 416.50, or by leaving a copy of the summons and complaint during usual office hours in the office of the person in charge, see Cal.Civ.Proc.Code Sec. 415.20. Thus, Human's attempted service by certified mail was ineffective. See Cal.Civ.Code Proc. Secs. 415.20, 416.50. Accordingly, the district court did not abuse its discretion by denying Human's motion for a default judgment. See Pau, 928 F.2d at 885.
 
 AFFIRMED.[6]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Human's motion for a new trial was served within ten days of entry of judgment, we have jurisdiction to review the underlying judgment as well as the denial of the post-judgment motion. See Fed.R.App.P. 4(a)(4); Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991)
 
 
 [2]
 On May 1, 1992, the City of Santa Monica filed a motion to dismiss Human's complaint on the basis that it failed to state a claim for relief because the statute of limitations had expired. The district court granted the motion with leave to amend. On June 30, 1992, Human filed his first amended complaint. On July 9, 1992, the City of Santa Monica filed a second motion to dismiss on statute of limitations grounds. The district court granted the motion and dismissed Human's action with prejudice
 
 
 [3]
 Human's state action alleged negligence and intentional infliction of emotional distress
 
 
 [4]
 Human also appeals the district court's denial of his motion for a new trial under Fed.R.Civ.P. 59(a). Because Human's action was barred by the statute of limitations, the court did not abuse its discretion by denying Human's motion. See Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991)
 
 
 [5]
 On January 17, 1992, Human attempted to serve the City of Santa Monica by certified mail. Human then filed a motion for entry of default judgment, which the district court denied on March 16, 1992. Subsequently, Human served the City of Santa Monica by personal service
 
 
 [6]
 Because there is no federal jurisdiction over the action, the district court properly dismissed Human's pendent state claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 725-27 (1966)