81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce FLANAGAN; Joan Flanagan, Plaintiffs-Appellants,
v.
FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Defendant,
and
Howard Arnaiz; Helen Rae Byrnes; Patricia A. Carson;
Clyde C. Cournale; Roy M. Guinnane; Sidney
Lewin; Smith Ketchum, III; Joseph
Moore; Shirley Talbot,
Defendants-Appellees.
 No. 94-16965.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 15, 1996.
Decided April 4, 1996.
 
 Before: REINHARDT, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court approved a settlement agreement, and in its judgment dismissing the claims it retained jurisdiction over all matters arising out of the settlement agreement. Years later, after unsuccessfully attempting to litigate matters in the state courts, plaintiffs filed a supplemental complaint in the district court alleging violations of the settlement agreement. The causes of action are for breach of contract, intentional infliction of emotional distress, negligent injury, and fraud. The district court declined to apply the ten-year statute of limitations for an action on a judgment and dismissed the supplemental complaint as barred by the statute of limitations applicable to each individual cause of action.
 
 
 3
 Plaintiffs appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.
 
 
 4
 * TEN-YEAR STATUTE OF LIMITATIONS
 
 
 5
 The Flanagans argue their supplemental complaint amounts to an action on a judgment for the purposes of California Code of Civil Procedure § 337.5.[1] Section 337.5 provides a ten-year limitations period for actions on a judgment. The Flanagans thus contend the district court erred by failing to apply the ten-year limitations period provided in section 337.5, and by dismissing their complaint as barred by the statutes of limitations applicable to each individual cause of action.
 
 
 6
 The district court's dismissal on statute of limitations grounds presents a question of law reviewed de novo. Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993).
 
 
 7
 Defendants argue the Flanagans waived their argument that the ten-year statute of limitations applies by failing to sufficiently raise it before the district court. The Flanagans raised the issue before the district court in their reply brief on their motion to amend that court's order of dismissal. The district court therefore had an opportunity to rule on the issue, and we do not consider it waived for purposes of appeal. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992) (raising an issue on a motion for reconsideration gives the district court sufficient opportunity to rule on it).
 
 
 8
 Under California domestic relations law, if a settlement agreement merges into a judgment or decree, the agreement is superseded and can be enforced only as a judgment and not as a contract. In re Marriage of Lane, 165 Cal.App.3d 1143, 1147 (1985). To determine if the settlement agreement has merged into a judgment, California courts look to the intent of the parties and the intent of the court issuing the judgment. Jackson v. Jackson, 253 Cal.App.2d 1026, 1034 (1967). To aid this determination, the courts consider the following factors: (1) language in the agreement contemplating presentation to the court for approval and/or incorporation in the judgment; (2) the physical incorporation of the words of the agreement in the body of the judgment or as an attached exhibit; (3) if not attached, the extent to which the judgment expressly purports to incorporate the agreement, and the extent to which the agreement can be identified from the judgment; and (4) the extent to which the judgment purports to order the performance of the terms of the agreement. Lane, 165 Cal.App.3d at 1148; Jackson, 253 Cal.App.2d at 1034.
 
 
 9
 It is clearly established that mere approval of the agreement is insufficient to show merger of the terms of the agreement in the judgment. Jackson, 253 Cal.App.2d at 1035. Even where approval of the agreement is in a judgment ordering performance of the terms of the agreement, the agreement has been found not to have merged in the judgment. See Lane, 165 Cal.App.3d at 1148-49.
 
 
 10
 Although the present action is a business dispute, not a domestic relations dispute, we find the principle of merger recited in the above cases to apply equally to the present case. Whether an action is considered to be on a judgment for statute of limitations purposes depends on whether the judgment itself finally establishes the rights of the parties. See Woolett v. American Employers Ins. Co., 77 Cal.App.3d 619, 624 (1978).
 
 
 11
 In the present case, the settlement agreement contemplates court approval of the agreement as set forth in Section 1 of the agreement. It does not purport to contemplate that its terms and conditions would be incorporated into the judgment, but rather it prescribes the results the judgment would achieve.
 
 
 12
 The last three factors in the merger determination weigh against a finding of merger. The judgment did not physically incorporate the words of the agreement, nor did it attach the agreement as an exhibit. It did not purport to incorporate the terms of the agreement. The judgment simply resolved disputed issues as directed "[p]ursuant to the settlement agreement as of August 12, 1988, filed October 19, 1988." Finally, the judgment does not purport to order performance of the terms of the agreement. It simply resolves the causes of action pending before the court.
 
 
 13
 The Flanagans contend the court's retention of jurisdiction over the matter to resolve future disputes arising from the terms of the settlement agreement or its enforcement, indicates an intent to incorporate the terms of the settlement agreement. We disagree. The court retained jurisdiction to resolve disputes "regarding the settlement agreement." Such language contemplates actions on the agreement itself, not on the judgment.
 
 
 14
 We conclude the district court correctly declined to apply the ten-year statute of limitations for actions on a judgment.
 
 II
 APPLICABLE STATUTES OF LIMITATIONS
 
 15
 Having concluded the ten-year statute of limitations does not apply, we consider whether the district court erred by dismissing the four individual causes of action as barred by the applicable statutes of limitations.
 
 
 16
 The statute of limitations defense may be raised by a motion to dismiss if the running of the limitations period is apparent on the face of the complaint. Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n. 1 (9th Cir.1987).
 
 A. Breach of Contract
 
 17
 The statute of limitations for breach of contract is four years. Cal.Code Civ.P. § 337(1).[2] The district court found January 31, 1990, was the last possible accrual date for the breach of contract claim, because federal regulators rejected Pacific Coast's capitalization plans and ordered Pacific Coast to cease all lending activity on that date. The Flanagans contend the accrual date for the cause of action was later, and that the actual date was a question of fact inappropriately resolved by the court on a motion to dismiss.
 
 
 18
 Although the supplemental complaint mentions January 31 as the date federal regulators rejected Pacific Coast's capitalization plan, it does not allege January 31 was the date of breach. Rather, the supplemental complaint states, "[t]ime of breach, from October 20, 1988, through the seizure of Pacific by the RTC." Pacific Coast was seized on March 15.
 
 
 19
 The district court explained January 31 was the proper accrual date for the breach of contract cause of action because "[o]n that date, all defendants' discretionary authority was removed, because the regulators rejected capitalization plans and ordered Pacific Coast to cease all lending activity."
 
 
 20
 There is no support in the pleadings for the court's assumption that because Pacific Coast was ordered to cease lending activity, the defendants could not have continued actions in breach of the settlement agreement. Even though the federal regulators ordered Pacific Coast to cease all lending activity on January 31, it is not clear that Pacific Coast actually ceased lending activity, or that it ceased all non-lending activity alleged to be a breach. According to the allegations in the supplemental complaint, defendants could have continued, and did continue, to act in violation of the settlement agreement after January 31.
 
 
 21
 The district court's finding that January 31 was the last possible accrual date for the breach of contract claim also appears inconsistent with the March 15, 1990 date found by the court to be the last possible accrual date for the other causes of action.
 
 
 22
 The facts as alleged in the complaint must be accepted as true and construed in the plaintiff's favor on a motion to dismiss. National Wildlife Federation v. Espy, 45 F.3d 1337, 1340 (9th Cir.1995). By finding the breach of contract claim accrued on January 31 rather than March 15 as alleged, the court failed to accept as true the facts as alleged, and failed to construe them in the Flanagans' favor.
 
 
 23
 The face of the complaint alleges an accrual date of March 15, 1990. Applying the four-year statute of limitations, the Flanagans had through March 15, 1994, to file their claim. The supplemental complaint was filed March 11, 1994, four days before the period expired. We therefore reverse the district court's dismissal of the breach of contract cause of action, except as to defendant Helen Rae Byrnes. Ms. Byrnes signed the settlement agreement in her official capacity. As a result, she cannot be held individually liable for the breach of contract cause of action. United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586, 595 (1970) (en banc). We therefore affirm the dismissal of the breach of contract cause of action as to Ms. Byrnes.
 
 
 24
 B. Intentional Infliction of Emotional Distress
 
 
 25
 The district court correctly held that the statute of limitations for an intentional infliction of emotional distress claim is one year. Cal.Code Civ.P. § 340(3); Hull v. Central Pathology Serv. Med. Clinic, 28 Cal.App.4th 1328, 1333 (1994). Because the supplemental complaint gives the date of seizure of Pacific Coast by the RTC as the last possible date of occurrence, this date, March 15, 1990, is also the last possible date of accrual. The district court correctly found the limitations period had expired by March 15, 1991, nearly three years before the Flanagans filed the supplemental complaint.
 
 C. Negligence
 
 26
 The district court correctly held the statute of limitations for either negligent conduct or negligent injury as alleged in the supplemental complaint is two years. Cal.Code Civ.P. § 339(1); Nicholson-Brown, Inc. v. City of San Jose, 62 Cal.App.3d 526 (1976). The court found the third cause of action could not have accrued later than March 15, 1990. The limitations period for the third cause of action had therefore expired by March 15, 1992. The district court properly dismissed the negligence claim as time-barred.
 
 D. Fraud
 
 27
 The Flanagans' fourth cause of action alleges fraud. The district court correctly held that fraud claims are governed by a three-year statute of limitations. Cal.Code Civ.P. § 338(d).[3]
 
 
 28
 The district court's order of dismissal stated: "The Flanagans have not alleged, nor is there any basis for concluding, that they were unaware of the facts underlying the alleged fraud any later than the time of receivership." Although the supplemental complaint does not include any allegations of delayed discovery, in their memorandum in opposition to the motion to dismiss the Flanagans claimed they did not discover the facts of the fraud until December 1991, through June 1992.
 
 
 29
 California law requires a plaintiff to allege and prove when the fraud was discovered; federal procedure does not. Briskin v. Ernst & Ernst, 589 F.2d 1363, 1367 n. 3 (9th Cir.1978). In light of Ninth Circuit precedent that the time of discovery need not be alleged in the complaint, it was error for the district court to dismiss the claim simply because the date of discovery was not alleged. Despite this error, however, the claim was properly dismissed as time-barred because documents subject to judicial notice demonstrate the Flanagans had sufficient notice of the fraud to cause the three-year statute of limitations to begin running by September 19, 1990.
 
 
 30
 On September 19, 1990, the Flanagans filed a complaint in the California Superior Court in San Francisco against six of the nine current defendants. That complaint alleged the defendants had "intentionally depressed the earnings, juggled the books, mismanaged the business of the corporation" in order to disingenuously avoid its obligations under the settlement agreement. The complaint further alleged the conduct of the defendants was "fraudulent."
 
 
 31
 A matter that is properly subject to judicial notice under Federal Rule of Evidence 201 may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986). Under Federal Rule of Evidence 201, the district court is entitled to take judicial notice of related proceedings before a state court. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992). On April 4, 1994, defendants requested the court take judicial notice of several documents, one of which was the September 19 complaint attached as exhibit 22 of the Declaration of Bruce Flanagan.
 
 
 32
 Under the California discovery rule, the statute of limitations begins to run when the plaintiff has notice of information or circumstances that would put a reasonable person on inquiry. San Francisco Unified Sch. Dist. v. W.R. Grace and Co., 37 Cal.App.4th 1318, 1326 (1995); see also Briskin v. Ernst & Ernst, 589 F.2d at 1367 (pursuant to the California discovery test the statute of limitations begins to run when one has notice of circumstances sufficient to make a reasonably prudent person suspicious of fraud). Despite the Flanagans' argument that they did not discover the facts of the alleged fraud until 1992, the September 19, 1990 complaint shows that at that time they at least had a suspicion sufficient to put them on inquiry. The three-year limitations period for the fraud cause of action therefore expired by September 19, 1993, if not before.
 
 III
 EQUITABLE TOLLING
 
 33
 Even if the statutes of limitations applied by the district court are controlling in this case, the Flanagans argue those statutes should be equitably tolled under California law. The Flanagans contend their filings in state court were sufficient to toll the limitations periods applicable to the present action in federal court.
 
 
 34
 California law requires three criteria to be satisfied for equitable tolling to apply based upon the filing of a prior similar claim in state court: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir.1988) (citing Addison v. State, 21 Cal.3d 313, 319 (1978)).
 
 
 35
 In the present case, the district court held the third requirement was not met. The court determined the Flanagans had not acted reasonably in pursuing the claims in state court, because at the conclusion of the 1988 federal case, the district court had expressly informed the parties that it was retaining jurisdiction over disputes arising from the settlement agreement.
 
 
 36
 Because the issue ordinarily requires reference to matters outside the pleadings, equitable tolling is not generally amenable to resolution on a motion to dismiss. Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir.1993). A motion to dismiss on statute of limitations grounds may be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Id. at 1275 (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980)).
 
 
 37
 In Cervantes, we noted that in some cases the court has upheld dismissals of cases on equitable tolling grounds, but these cases all involved a fact evident on the face of the complaint that prevented the statute from being equitably tolled. Id. at 1276. One of the cases Cervantes noted is Ervin v. County of Los Angeles, 848 F.2d 1018, 1020 (9th Cir.1988), cert. denied, 489 U.S. 1014 (1989). In Ervin, the appellant argued that the relevant statute of limitations was equitably tolled by virtue of her previously having filed an action in state court. 848 F.2d at 1019. Upon examination of the record, the court found the appellant had conducted an investigation into the facts of the case, and had in her possession the results of appellee's investigation, yet appellant waited a year and a half before filing the action in federal court. Id. at 1020. The court upheld the dismissal because plaintiff had not acted reasonably in delaying the filing of her action in federal court. Id.
 
 
 38
 The facts of the present case are analogous to Ervin. The district court retained jurisdiction over all matters regarding the settlement agreement. Several years later, the Flanagans filed in the district court a time-barred supplemental complaint arising out of the settlement agreement. Seeking to overcome the time-bar, the Flanagans argue the applicable statutes of limitations should be equitably tolled because they filed similar actions in state court within the limitations period. Filing in state court, however, was unreasonable in light of the federal district court's explicit retention of jurisdiction.[4] The Flanagans cannot prevail on the equitable tolling issue because the record exposes their state court filing as patently unreasonable. See Cervantes, 5 F.3d at 1276; Ervin, 848 F.2d at 1020.
 
 IV
 CONCLUSION
 
 39
 We affirm the district court's dismissal of the causes of action in the supplemental complaint with the exception of the breach of contract cause of action. On the breach of contract cause of action we reverse and remand the matter to the district court, except for the dismissal of that action as to defendant Byrnes, which dismissal as to her is affirmed.
 
 
 40
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 41
 Although the majority makes an excellent argument that the ten-year statute of limitations does not apply in this case, the matter is one of state law and none of the cases cited by the majority considers what constitutes an enforceable settlement agreement outside the context of a domestic relations dispute. I believe that under the most reasonable reading of the language of section 337.5 and the judgment itself, the Flanagans' action to enforce the settlement agreement should be considered an action on the judgment and thereby subject to the ten-year statute of limitations. Accordingly, I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 California Code of Civil Procedure § 337.5 establishes a ten-year limitations period for "[a]n action upon a judgment or decree of any court of the United States or of any state within the United States."
 
 
 [2]
 "Within four years: 1. An action upon any contract ..." Cal.Code Civ.P. § 337
 
 
 [3]
 Section 338 provides in pertinent part:
 Within three years:
 * * *
 (d) An action for relief on the ground of fraud or mistake. The cause of action in that case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.
 
 
 [4]
 The district court's order is part of the record and subject to judicial notice pursuant to Federal Rule of Evidence 201