**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL THOMAS DOSS, | No. 12-56764 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-07134-VBF-RNB |
| v. | |
| CITY OF LONG BEACH; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted February 18, 2014**

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Michael Thomas Doss, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action arising from

being detained in a hot police car before his arrest. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a district court's summary judgment, and for

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion its decision whether to apply equitable tolling. *Leong v. Potter*, 347 F.3d 1117, 1121, 1123 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment because Doss's action, brought more than five years after his claim accrued, was time-barred. *See* Cal. Civ. Proc. Code. §§ 335.1, 352.1(a) (setting forth California's two-year statute of limitations for personal injury claims and additional statutory tolling due to incarceration not to exceed two years); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 actions are governed by the forum state's statute of limitations for personal injury actions, and a claim accrues when the plaintiff knows or should know of the injury which is the basis of the action); *see also Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("The cause of action accrues even though the full extent of the injury is not then known or predictable." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by determining that Doss was not entitled to equitable tolling. *See Douglas*, 567 F.3d at 1109 (state law governs tolling the limitations period for § 1983 actions); *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988) (discussing equitable tolling under California law). Moreover, Doss has not shown that he was entitled to equitable estoppel. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir.

2008) (discussing equitable estoppel under California law).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Doss's motion to file a physical exhibit is granted.

**AFFIRMED.**