NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANCE WILLIAMS,

Plaintiff-Appellant,

v.

KERKFOOT, Deputy; et al.,

Defendants-Appellees.

No. 15-56230

D.C. No. 2:14-cv-07583-GW-KK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted September 13, 2016**

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Lance Williams, a California state prisoner, appeals pro se from the district

court's judgment dismissing as time-barred his 42 U.S.C. § 1983 action alleging

excessive force and racial discrimination.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo both the district court's dismissal based on the statute

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

of limitations and the legal question of whether equitable tolling applies. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly dismissed Williams' action as time-barred because, even with the benefit of statutory and all arguably applicable equitable tolling, Williams failed to file his action within the applicable statute of limitations. *See* Cal. Civ. Proc. Code §§ 335.1 (two-year statute of limitations for personal injury claims); 352.1 (statutory tolling for up to two years due to incarceration); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions); *Jones*, 393 F.3d at 928 ("[A]ctual, uninterrupted incarceration is the touchstone for applying California's tolling provision of the disability of imprisonment." (citation and internal quotation marks omitted)); *Ervin v. County of Los Angeles*, 848 F.2d 1018, 1019-20 (9th Cir. 1988) (concluding that plaintiff's unwarranted delay of more than a year in filing her federal civil rights claim after filing a tort action in state court was neither reasonable nor in good faith).

We review the denial of an extension of time for abuse of discretion. *See Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir. 1994). The district court did not abuse its discretion when it denied Williams' request for an extension of

15-56230

time to obtain counsel because, at the time Williams made the request, no action was due. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

In light of our disposition, Williams' request for the court to reverse and remand the action to the district court, filed on February 24, 2016, is denied.

**AFFIRMED.**