**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANCE WILLIAMS,

            Plaintiff-Appellant,

    v.

APARICIO, Sheriff Deputy; et al.,

            Defendants-Appellees.

No. 16-55419

D.C. No. 2:14-cv-08640-PA-KK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted September 13, 2016**

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

    Lance Williams, a California state prisoner, appeals pro se from the district

court's judgment dismissing as time-barred his 42 U.S.C. § 1983 action alleging

excessive force.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo both the district court's dismissal based on the statute of limitations and the

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

legal question of whether equitable tolling applies. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly dismissed Williams' action as time-barred because, even with the benefit of all arguably applicable equitable tolling, Williams failed to file his action within the applicable statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions, and they accrue when the plaintiff knows or should know of the injury that is the basis of the cause of action); *Fink v. Shelder*, 192 F. 3d 911, 916 (9th Cir. 1999) (three-pronged test for equitable tolling in California); *Ervin v. County of Los Angeles*, 848 F.2d 1018, 1019-20 (9th Cir. 1988) (concluding that plaintiff's unwarranted delay of more than a year in filing her federal civil rights claim after filing a tort action in state court was neither reasonable nor in good faith).

We do not consider Williams' contentions concerning the district court's post-judgment orders because Williams failed to file a new or amended notice of appeal after the district court issued these orders.

We do not consider Williams' contentions that the district court erred by

2                                                                  16-55419

failing to appoint pro bono counsel because Williams did not raise these arguments before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (court will not consider matters not properly raised before the district court).

We do not consider the documents attached to the opening brief. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**