ESTATE OF Gianna BLUE; Martha Wright–Cox, individually and as Guardian ad Litem for Shauntonese Burris, Nakiya Brady and Lequan Buyard, minors; Wil Wright; Gregory Johnson; Eric Collins; Terrel Bealey; Londell Henderson; Barry Hawes, Plaintiffs–Appellants,

v.

COUNTY OF LOS ANGELES, a public entity; Sherman T. Block, Sheriff, individually and as Sheriff of the County of Los Angeles; William Christiansen, Lieutenant of the Sheriff's Department of Los Angeles County; Irwin Golden; Shannon Laren, Thomas Drake, individually and in their official capacities as Los Angeles County Sheriff's Deputies, Defendants–Appellees.

No. 96–55480.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 1997.

Decided July 21, 1997.

Geraldine D. Green, Los Angeles, CA, for Plaintiffs–Appellants.

Steven J. Renick, Manning Marder & Wolfe, Los Angeles, CA, for Defendants–Appellees.

Before SCHROEDER, BRUNETTI and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must decide whether equitable tolling applies to a civil rights claim which was voluntarily dismissed in federal court, refiled and adjudicated in state court, and then filed again in federal court.

I

This is a tragic case. The complaint alleges that on May 15, 1990, Gianna Blue, an innocent bystander during a liquor store holdup and shoot-out, was fatally wounded by shots fired by Los Angeles County Sheriff's Deputies. The plaintiffs-Blue's estate and some of her relatives (collectively, "the Estate")-have filed a series of lawsuits against the County of Los Angeles and members of the County's Sheriff's Department ("the County"). This is the third lawsuit involving the same civil rights claims and these parties.

Nine months after the shooting, on February 8, 1991, the Estate filed a complaint against the County in federal district court for the Central District of California (*"Blue I"*), alleging civil rights claims under 42 U.S.C. § 1983 as well as civil RICO claims and state law claims. The County filed a

motion to dismiss; on July 23, 1991, the district court denied the motion as to the § 1983 claims, dismissed the civil RICO claims with prejudice, and declined to exercise supplemental jurisdiction over the state law claims, dismissing them without prejudice.

Two months later, on September 23, 1991, the Estate filed a complaint against the same defendants in California Superior Court, alleging only the state law claims (*"Blue II"*).

Meanwhile, in *Blue I*, nine months passed without any activity in federal court on the § 1983 claims. The Estate asserts that it did not pursue the litigation during this time because the County desired to seek clarification of the district court's ruling on the County's motion to dismiss. The County eventually sought clarification in June 1992, but on July 24, 1992, without waiting for any clarifying order from the district court, the Estate requested a voluntary dismissal of *Blue I*. The district court granted the dismissal on August 5, 1992. At that point, over a year had passed since the district court's ruling, and *Blue II* was ten months old.

On July 30, 1992, shortly before the court in *Blue I* granted the voluntary dismissal, the Estate amended the complaint in *Blue II* to add the § 1983 claims.[1] Following a series of demurrers and amendments to the complaint, the superior court dismissed *Blue II* with prejudice on July 28, 1993. The Estate appealed to the California Court of Appeal which affirmed on August 25, 1995, holding *inter alia* that *Blue I* did not equitably toll the statute of limitations on the § 1983 claims. The California Supreme Court declined to review the decision.

After the Court of Appeal decision but before the California Supreme Court declined to review *Blue II*, on November 22, 1995, the Estate filed this action in the district court for the Central District of California (*"Blue III"*). The Estate alleged the identical § 1983 claims at issue in *Blue I* and *Blue II* against the same defendants. The

1. Counsel for the Estate represents that the district court dismissed *Blue I* on August 25, 1992, but records in the district court show the case as dismissed on August 5, as we note above. Regardless of the precise date of dismissal, we assume for the purposes of our decision that the district court entered the order of dismissal in *Blue I* after the § 1983 claim had been added to *Blue II*.

district court dismissed the complaint as barred by the statute of limitations and awarded Rule 11 sanctions against the Estate. The Estate filed this timely appeal.

## II

■ California's one-year statute of limitations for personal injury actions applies to the Estate's § 1983 claims, as do California's rules for equitable tolling. *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988). California has developed a three-pronged test for invocation of the doctrine of equitable tolling: there must be "(1) timely notice to the defendant in the first claim; (2) lack of prejudice to [the] defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Donoghue v. County of Orange*, 848 F.2d 926, 931 (9th Cir.1987) (citing *Collier v. City of Pasadena*, 142 Cal.App.3d 917, 922–24, 191 Cal.Rptr. 681 (1983)); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). The County does not contend that they did not receive timely notice or were prejudiced; instead, they argue that a voluntary dismissal of an action precludes application of equitable tolling and that the Estate did not act reasonably nor in good faith.

### A

■ As an initial matter, the Estate argues that a statute of limitations question generally should not be decided on a motion to dismiss since it typically requires looking to materials outside of the pleadings. *See Cervantes*, 5 F.3d at 1276. In this case, however, the pleadings themselves contain a detailed account of the procedural history of the case, reciting the chronology of what happened at each stage of *Blue I* and *Blue II*. Moreover, we may properly take judicial notice of the papers filed in *Blue I* and *Blue II*-indeed, the Estate itself requested that we take judicial notice of the papers in *Blue I*. Finally, all facts necessary to decide whether equitable tolling applies are in the record. It therefore was not error to decide the statute of limitations question on a motion to dismiss.

### B

■ We next must determine whether the Estate satisfies the requirement of "good faith and reasonable conduct," *Donoghue*, 848 F.2d at 931. The Estate had an opportunity to litigate the § 1983 claims in federal court in *Blue I*. Neither the court nor the defendants created barriers to obstruct a resolution of the claims on the merits. *See Bacon*, 843 F.2d at 374. That the district court declined to exercise supplemental jurisdiction over the state law claims does not alter that fact-the § 1983 claims remained alive and well in the federal court. The Estate was not entitled by right to try its state law claims and its federal civil rights claims in a single proceeding, and it did not challenge the district court's original ruling in *Blue I*. To be sure, the Estate may have hoped to gain a tactical advantage by trying all of the claims, state and federal, in a single state court action. Practical considerations-convenience and economy, for example-may also have persuaded the Estate to add the § 1983 claims to the state proceeding. If the Estate wanted to try the civil rights claims in the same action as the state law claims, it could have refiled all of the claims in the state court and asked the federal court for a stay of the federal action pending the outcome of the state court proceeding. *See Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 244–45 (9th Cir.1989); *see generally Quackenbush v. Allstate Ins. Co.*, —— U.S. ——, —— – ——, 116 S.Ct. 1712, 1720–28, 135 L.Ed.2d 1 (discussing limited power of courts to use abstention doctrines to dismiss, rather than stay, cases). But the Estate relinquishes its opportunity to litigate in federal court at its peril; that it dismissed *Blue I* because it wanted to litigate all of its claims together in state court does not amount to "good faith and reasonable conduct" which would support tolling the statute of limitations to allow the Estate back in to federal court more than four years after the statute has run.

As in *Ervin v. Los Angeles County*, 848 F.2d 1018, 1020 (9th Cir.1988), *cert. denied*, 489 U.S. 1014, 109 S.Ct. 1125, 103 L.Ed.2d 187 (1989), *Bacon*, 843 F.2d at 374–75, and *Mitchell v. Frank R. Howard Mem'l Hosp.*, 6 Cal.App.4th 1396, 8 Cal.Rptr.2d 521 (1992),

the Estate regrettably created this problem by its procedural maneuvering. In each of those cases, the plaintiff jockeyed between one court and another to gain a perceived advantage and as a result did not satisfy the third prong of California's equitable tolling test. Likewise, for reasons of its own choosing and after a significant delay, the Estate abandoned its federal action and moved to state court. Its actions do not amount to "good faith and reasonable conduct," *Donoghue*, 848 F.2d at 931, warranting the application of equitable tolling.

We emphasize that our decision turns on whether the Estate satisfies the "good faith and reasonable conduct" standard; we do not decide whether the simple fact that a plaintiff voluntarily dismisses a claim necessarily prevents the application of equitable tolling under California law. *See Appalachian Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal. App.3d 1, 262 Cal.Rptr. 716, 740–41 (1989) (holding that prompt and good faith voluntary dismissal of improperly removed action did not preclude application of equitable tolling). Nonetheless, we do not believe the California Supreme Court would use *Appalachian* to apply equitable tolling in cases where a claim had been pending for a long period and was then voluntarily dismissed and refiled, *e.g., Bacon*, 843 F.2d at 374–75, or where the plaintiff delayed proceeding on the claim, *e.g., Ervin*, 848 F.2d at 1020. Those circumstances generally indicate that the plaintiff, as here, was not acting reasonably and in good faith.

The Estate may not have been pleased with the district court's decision in *Blue I* to decline supplemental jurisdiction; if so, it should have sought review of that decision when appropriate. Unfortunately, the Estate took its chances when it voluntarily dismissed its case, and it cannot claim a right to return to federal court four years later because its earlier tactical decision to go to state court turns out to have been a mistake.

### III

 Federal Rule of Civil Procedure 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir.1996). Frivolous filings are "those that are both baseless and made without a reasonable and competent inquiry." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir.1997) (quotation marks omitted). When a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel, for example, Rule 11 sanctions may be imposed within the district court's discretion. *See id.*

In this case, the district court determined that "Plaintiffs' Complaint is frivolous, and therefore, is subject to Rule 11 sanctions. Based on the procedural history of this case, Plaintiffs' Complaint offers no reasonable basis for which an action could proceed." We cannot say that the district court abused its discretion in awarding sanctions. A reasonable investigation would have revealed that the § 1983 claim was barred by the statute of limitations.

AFFIRMED.