139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio Medina PUERTA, Dr., Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES; Sheriff Department, County of Los
Angeles; Michael Clinkunbroomer; David Willard; Michael
Linn; Roger Kelley, Ann Melbourn; Kerry Levenson; Jeffrey
Acton; William Buss; Lawrence Dobbins; Monte Nicholson;
Guido Gutierrez; Regina Minnis; Richard Drake; Richard
Hedges; Art Denver, Defendants-Appellees.
 No. 97-55003.
D.C. No. CV-95-07526-WDK/VAP.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 20, 1998.
Submitted February 9, 1998**.
 
 Appeal from the United States District Court for the Central District of California William D. Keller, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antonio Medina Puerta appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim. See Cohen v. Stratosphere Corp., 115 F.3d 695, 700 (9th Cir.1997). We may affirm on any grounds supported by the record. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 
 3
 The events giving rise to Puerta's complaint occurred in 1991. His federal action was filed in 1995. If equitable tolling principles do not apply in this case, Puerta's complaint was untimely. See Estate of Blue v. County of Los Angeles, 120 F.3d 982, 984 (9th Cir.1997) (stating that statute of limitations for § 1983 claims filed in California is one year), petition for cert. filed, 66 U.S.L.W. 3248 (U.S. Dec. 4, 1997) (No. 97-958). Because Puerta initially pursued both his state and federal claims in state court and, when unsuccessful, tried to pursue his federal claims in federal court, we conclude that California's equitable tolling doctrine does not extend the limitations period in this case. See Estate of Blue, 120 F.3d at 984-85; Ervin v. Los Angeles County, 848 F.2d 1018, 1019-20 (9th Cir.1988).
 
 
 4
 Accordingly, the district court did not err by dismissing Puerta's action. See Cohen, 115 F.3d at 700.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3