Saadat SIDDIQUI, Plaintiff–Appellant,

v.

AG COMMUNICATION SYSTEMS CORPORATION, Defendant–Appellee.

Saadat A. Siddiqui, Plaintiff–Appellant,

AG Communication Systems Corporation, Defendant–Appellee.

Nos. 05–15119, 05–16314.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed April 26, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Saadat Siddiqui, Chandler, AZ, pro se.

Arthur W. Pederson, Esq., Mohr Hackett Pederson Blankley & Randolph, PC, Phoenix, AZ, for Defendant–Appellee.

Before: SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

### MEMORANDUM **

After Saadat Siddiqui was discharged from his job at AG Communications Systems Corporation (AGCS), he filed this action, claiming that AGCS violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the Equal Employment Opportunity Act (Title VII), 42 U.S.C. § 2000e, the Family and Medical Leave Act (FLMA), 29 U.S.C. § 2601 et seq., the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., the Civil Rights Act of 1964 (§ 1981), 42 U.S.C. § 1981, and various state statutory and common law doctrines, including intentional interference with contractual relations, intentional and/or negligent infliction of emotional distress, slander, libel, blacklisting, breach of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the implied covenants of good faith and fair dealing, and breach of contract. The district court ruled that some of Siddiqui's claims were barred and then granted summary judgment on the remaining claims when Siddiqui failed to oppose AGCS's motion. The court denied Siddiqui's request for reconsideration and granted AGCS's motions for sanctions and partial attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## DISCUSSION

### 1. *Time–Barred Claims*

■ The district court determined that some of Siddiqui's federal claims are time-barred because the discrete acts alleged in support of those claims occurred more than 300 days prior to his filing of a charge of discrimination with the EEOC. The Supreme Court has held that 42 U.S.C. § 2000e–5(e)(1) (providing time limitations for filing of EEOC charges) "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." *See National RR Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Discrete acts "such as termination, failure to promote, denial of transfer, or refusal to hire" are actionable only if they "took place within the timely filing period...." *Id.* at 114, 122 S.Ct. 2061. Thus, Siddiqui's claims of discrimination based on discrete events alleged to have occurred outside the statutory time period are barred. *See Porter v. California Dept. of Corrections*, 419 F.3d 885, 891–92 (9th Cir.2005).

### 2. *§ 1981 Claim*

The district court barred Siddiqui's claim of racial discrimination on the basis that he refused to allege his race. Rather, he claimed to be a "Muslim–American ... of Pakistani national-origin." In a § 1981 action, there must be an allegation

"that plaintiff suffered discrimination on the basis of race." *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1487 (9th Cir.1995) (internal quotation and ellipsis omitted); *see also London v. Coopers & Lybrand*, 644 F.2d 811, 818 n. 4 (9th Cir.1981) (noting § 1981 requires an allegation that plaintiff "is a member of a distinct racial minority"). An allegation of discrimination on the basis of "ethnic characteristics" may qualify as racial discrimination under § 1981, but the defendant disputes whether Siddiqui's allegations are sufficient. *See Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1446–47 (9th Cir.1997) (ruling plaintiff's claim that she is "Filipino" is sufficient). We need not decide the issue in this case, however, because, notwithstanding the court's ruling on the alleged failure to state a race, Siddiqui filed an amended complaint that again alleged racial discrimination under § 1981, and, as explained below, summary judgment was later correctly granted on all discrimination claims. With respect to Siddiqui's § 1981 claim, we note in particular that he has failed to raise a triable issue of fact regarding the defendant's alleged intent to discriminate.

### 3. *Unopposed Summary Judgment*

■ The district court granted summary judgment on Siddiqui's remaining claims when he failed to oppose AGCS's motion. The court did so only after concluding that AGCS's motion had merit. *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir.2003) (noting nonmoving party's failure to oppose summary judgment "does not excuse the moving party's affirmative duty ... to demonstrate its entitlement to judgment as a matter of law"). We agree that AGCS amply supported its motion with affidavits, declarations, and documentary evidence, including Siddiqui's

deposition and his response to interrogatories. Siddiqui's challenges to the weight of the evidence and the credibility and bias of potential witnesses do not create triable issues of fact that would preclude summary judgment. *See Bodett v. CoxCom, Inc.,* 366 F.3d 736, 740 n. 3 (9th Cir.2004) (noting "party cannot create a dispute of fact by simply questioning the credibility of a witness").

■ Siddiqui contends he should have been granted additional discovery to oppose summary judgment. Siddiqui did not, however, comply with Federal Rule of Civil Procedure 56(f) standards. Although he identified the type of information he sought, he did not explain how the additional discovery would aid in opposing summary judgment or why he had not sought such information during the previous two years of discovery. *See Teamsters Local 175 v. Clorox Co.,* 353 F.3d 1125, 1130 (9th Cir.2004) ("The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment.") (internal quotation omitted).

Siddiqui also complains the district court should have granted him a second extension of time to prepare his opposition due to his "acute back pain" and "bad health condition." We conclude there was no abuse of discretion. *See FTC v. Gill,* 265 F.3d 944, 957 (9th Cir.2001) (upholding denial of a request for a second continuance because district courts have broad discretion to control their dockets and to set deadlines).

### 4. *Motion for Reconsideration*

■ Siddiqui moved for reconsideration, seeking to vacate the district court's grant of summary judgment. He attached a lengthy affidavit and documentation that he argued would rebut AGCS's evidence. The district court denied relief, noting Siddiqui was given extra time to prepare his opposition and failed to do so. We conclude there was no abuse of discretion. Reconsideration is appropriate only "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v. Confederated Tribes of Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir.2003). The motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000) (emphasis in original).

### 5. *Sanctions*

■ The district court imposed sanctions against Siddiqui for asserting "groundless" allegations. Federal Rule of Civil Procedure 11 provides for such sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. *Estate of Blue v. County of Los Angeles,* 120 F.3d 982, 985 (9th Cir.1997). Frivolous filings are "those that are both baseless and made without a reasonable and competent inquiry." *Buster v. Greisen,* 104 F.3d 1186, 1190 (9th Cir.1997) (internal quotations omitted). We agree with the district court that Siddiqui's allegations regarding the FLMA and the ADA are groundless and therefore the imposition of sanctions was not an abuse of discretion.

### 6. *Attorneys' Fees*

The district court awarded partial attorneys' fees to AGCS for its defense against Siddiqui's ADA claim and his state law claims of breach of contract, breach of implied covenants of good faith and fair

dealing, and blacklisting. Siddiqui contends AGCS was not entitled to fees on his ADA claim because the court did not find the claim was "frivolous, unreasonable, or without foundation" as required by *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The district court, however, expressly acknowledged the *Christiansburg* requirement, and found that "Siddiqui's ADA claim was frivolous, even in light of his pro se status."

Siddiqui also argues that state law does not permit fees on his contract claims because it was "just a small part of a complaint." He relies on *In re Larry's Apartment*, 249 F.3d 832, 836 (9th Cir.2001), where we reversed an award of fees because the underlying contract was "merely somewhere within the factual background." Siddiqui, however, alleged at-will employment agreement, and moreover, the state's fee-shifting statute applies regardless of the nature of the contract or even when no contract exists. *See Berthot v. Sec. Pac. Bank of Arizona*, 170 Ariz. 318, 823 P.2d 1326, 1332 (Ariz.Ct.App.1991) (affirming fee award when no contract existed).

■ Siddiqui challenges the district court's award of fees for his blacklisting claim brought under Ariz.Rev.Stat. § 23–1361. That statute mandates an award of fees to the prevailing party. *See Ariz.Rev.Stat.* § 23–1361(I) ("A court *shall* award court costs, attorney fees and other related expenses to any party that prevails in any civil proceeding in which a violation of this section is alleged.") (emphasis added). AGCS prevailed on Siddiqui's blacklisting claim and therefore is entitled to recover its attorneys' fees.

Finally, Siddiqui challenges the district court's finding that he has the ability to pay fees. The district court, however, carefully considered Siddiqui's ability to pay, including reviewing his deposition testimony and a detailed financial statement before deciding the award would not subject Siddiqui to "financial ruin" or "extreme hardship." *See Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181, 1184 (1985) (noting court should not assess fees that would cause "extreme hardship"); *see also Miller v. Los Angeles County Bd. of Ed.*, 827 F.2d 617, 621 (9th Cir.1987) (noting fee award "should not subject the plaintiff to financial ruin"). We accordingly affirm the district court's partial grant of fees. We decline, however, to grant AGCS's request for an award of fees on appeal.

**AFFIRMED.**