FILED

AUG 26 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   NC-13-1558-KuDJu |
| ) | |
| MARIA RIVERA BARRAGAN, ) | Bk. No.   None |
| ) | |
| Debtor. ) | Adv. No.   13-05143 |
| _____ ) | |
| MARIA RIVERA BARRAGAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| PETER BRAZIL; COMINOS LAW ) | |
| OFFICE; MALIBU RECONVEYANCE; ) | |
| SIBONRY A. MONGE; LPS AGENCY ) | |
| SALES AND POSTING; JOSEFINA ) | |
| MORALES; JUAN MORALES, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Argued and Submitted on July 24, 2014
at San Francisco, California

Filed – August 26, 2014

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Charles D. Novack, Bankruptcy Judge, Presiding

Appearances:    Appellant Maria Rivera Barragan argued pro se.[**]

Before: KURTZ, DUNN and JURY, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**]While appellant named a number of parties as appellees herein, none of them filed a responsive brief or otherwise participated in this appeal.

**INTRODUCTION**

Chapter 13[1] debtor Maria Rivera Barragan appeals from an order dismissing her adversary proceeding against Juan Morales, Josefina Morales, and others. The bankruptcy court concluded that it lacked subject matter jurisdiction over the adversary proceeding because, at the time Barragan filed her complaint, the adversary proceeding did not arise in, arise under or relate to a bankruptcy case, as required under 28 U.S.C. § 1334(b). Barragan did not commence her chapter 13 bankruptcy case until several weeks after she filed her complaint.

Even though the bankruptcy court was aware of Barragan's newly-filed case at the time it ordered her adversary proceeding dismissed, the court was not obliged to sua sponte grant Barragan leave to file a supplemental complaint to cure the jurisdictional defect, especially when the court made it clear at the dismissal hearing and in its dismissal order that the dismissal was without prejudice to Barragan's claims and that Barragan was free to seek appropriate relief in her newly-filed bankruptcy case.

Accordingly, we AFFIRM.

**FACTS**

In 2006, Barragan purchased a residence from the Moraleses for $650,000. Barragan's purchase of the residence was partly financed by the Moraleses providing Barragan with a loan secured by a junior deed of trust against the residence.

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

Within roughly a year, Barragan refinanced her residence. To facilitate her refinancing, the Moraleses apparently agreed to temporarily release their junior lien against the residence until the refinancing was complete. In furtherance of this goal, the Moraleses executed a deed of reconveyance in favor of Barragan.

After Barragan completed her refinancing, she signed what she believed was a new deed of trust in favor of the Moraleses to secure the remaining loan balance owed to them in the amount of $155,000. In reality, in 2007 she signed a grant deed in favor of the Moraleses. Barragan claims that the Moraleses intentionally tricked her into signing a grant deed instead of a deed of trust. According to Barragan, in 2008 she discovered the Moraleses' fraud and hence stopped making payments on the Morales loan.

In 2010, the Moraleses sued Barragan in the Monterey County Superior Court (Case No. M 105511). In their complaint, the Moraleses alleged that the mistake regarding Barragan's execution of the grant deed was inadvertent on the part of both parties but that Barragan still owed them roughly $155,000 plus interest. They further alleged that this amount should be secured by a junior deed of trust against the residence. They requested, among other things, equitable reformation of the grant deed into a deed of trust to conform to the parties' actual agreement.

In August 2011, the state court entered a default judgment against Barragan effectively granting the Moraleses' request to reform the grant deed into a deed of trust securing the Morales loan in the amount of $155,000. A new deed of trust was recorded in the Monterey County Recorder's Office on August 25, 2011.

3

Barragan appealed the August 2011 default judgment (Case No. H037387), but the California Court of Appeal, Sixth District, affirmed the judgment in an opinion issued in October 2012.[2]

For reasons that are not explained, the Moraleses apparently executed a quitclaim deed in September 2011 in favor of Barragan, which quitclaim deed was recorded in October 2011 in the Monterey County Recorder's Office. In her appeal brief to this Panel, Barragan asserts that the Moraleses were compelled to do so by court order, but she has not submitted a copy of that court order, nor did she even identify the court that entered this order. Presumably, the purpose of the quitclaim deed was to reverse the effect on title of the 2007 grant deed inadvertently executed by Barragan in favor of the Moraleses. We further presume, for background purposes only, that the October 2011 quitclaim deed was not meant to affect the August 2011 deed of trust.

In November 2011, Barragan filed a complaint against the Moraleses and their counsel in the United States District Court for the Northern District of California (Case No. CV11-05463). In September 2012, the district court entered an order dismissing the case for lack of subject matter jurisdiction. Barragan appealed, but the Ninth Circuit disposed of Barragan's appeal by summary affirmance in December 2012.

In October 2013, Barragan filed an adversary complaint

---

[2]We have ascertained the status of Barragan's state court appeal by accessing the California Court of Appeal's electronic docket. We can and do take judicial notice of its contents. See Estate of Blue v. County of Los Angeles, 120 F.3d 982, 984 (9th Cir. 1997).

4

against the Moraleses and others in the United States Bankruptcy Court for the Northern District of California. Oddly, Barragan did not file a bankruptcy case before she commenced her adversary proceeding. Several days later, the bankruptcy court issued an order to show cause why the adversary proceeding should not be dismissed for lack of subject matter jurisdiction in light of the fact that Barragan had not filed a bankruptcy case and hence her adversary proceeding did not arise in, arise under or relate to any bankruptcy case. Plaintiff responded to the order to show cause, in part, by filing a chapter 13 bankruptcy case on October 28, 2013 (Case No. 13-55661).

At the hearing on the order to show cause, the bankruptcy court acknowledged Barragan's belated commencement of a bankruptcy case but in essence held that the commencement of the case did not, by itself, permit the bankruptcy court to exercise subject matter jurisdiction over the adversary proceeding. The bankruptcy court attempted several times during the hearing to convey to Barragan that a jurisdictional dismissal would not bar her from seeking the same relief by refiling for such relief in her bankruptcy case. For example, the court stated at the hearing:

> . . . Ms. Barragan, if you want to refile — now that you've filed a 13, and if you and your lawyer believe I have jurisdiction and the constitutional authority to enter a [final] judgment, then you should proceed. But I don't have jurisdiction over this case because it was filed before you filed any Chapter 13, and I'm not going to consider it. I'm not going to consider this — this litigation. And [you] should talk to [your bankruptcy counsel] about whether [you] should file and where [you] should file any other piece of litigation [you] may have.

Hr'g Tr. (November 5, 2013) at 5:17-6:1.

5

The bankruptcy court later on at the same hearing stated:

> Okay. Then I'm dismissing this adversary proceeding for lack of jurisdiction as set forth in my order to show cause. And it's without prejudice for [you] . . . asserting these claims in an appropriate court.
>
> *    *    *
>
> Now I'm not saying this Court isn't the appropriate court, but that is something [you] should discuss with [your bankruptcy counsel]. I'm not making any decision about where the case should be filed. That's between [your attorney and you]. Okay?

Hr'g Tr. (November 5, 2013) at 6:8-16.

The bankruptcy court entered an order on November 12, 2013, dismissing the adversary proceeding without prejudice for lack of jurisdiction. Barragan timely filed a notice of appeal on November 15, 2013.

**JURISDICTION**

Subject to the mootness and standing discussions set forth below, we have jurisdiction over this appeal pursuant to 28 U.S.C. § 158. We also discuss below the bankruptcy court's jurisdiction.

**ISSUE**

Did the bankruptcy court err when it dismissed Barragan's adversary proceeding for lack of jurisdiction?

**STANDARDS OF REVIEW**

We review jurisdictional issues de novo. See Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard), 729 F.3d 1279, 1284 (9th Cir. 2013). "The burden of establishing subject matter jurisdiction rests on the party asserting that the court has jurisdiction." Id.

6

**DISCUSSION**

We have an independent duty to consider sua sponte whether an appeal is moot. Pilate v. Burrell (In re Burrell), 415 F.3d 994, 997 (9th Cir. 2005). An appeal is moot when it would be impossible for us to grant meaningful relief even if the appellant were to prevail. Id. at 998; I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001).

In this appeal, we question whether we could grant any meaningful relief because we do not understand why Barragan did not simply re-file her adversary proceeding in her bankruptcy case. While not directly on point, we have held that appeals from orders temporarily barring a debtor from re-filing a dismissed bankruptcy case become moot when the impediment to refiling has terminated by its own terms. See, e.g., Tennant v. Rojas (In re Tennant), 318 B.R. 860, 867 (9th Cir. 2004); Fernandez v. GE Capital Mortg. Servs., Inc. (In re Fernandez), 227 B.R. 174, 178 (9th Cir. BAP 1998). Such appeals become moot when the impediment no longer exists because the appellant-debtor no longer needs any relief from the appellate court to set aside the impediment.

Here, as best as we can tell, there was and is no huge impediment to Barragan re-filing her complaint. On the other hand, Barragan would be required to pay a new filing fee. The bankruptcy court's adversary proceeding docket indicates that Barragan paid a $293 filing fee when she filed her complaint, and she would need to pay another $293 fee if she were to re-file. If we were to reverse or vacate the bankruptcy court's jurisdictional dismissal, Barragan would be able to resume the

7

prosecution of her adversary proceeding without paying another $293. While this is a slender reed on which to conclude that this appeal is not moot, our potential ability to save Barragan, a debtor in a bankruptcy case, $293 constitutes "meaningful relief" for purposes of determining the mootness of this appeal.

Additionally, it is conceivable that, sometime after her adversary proceeding was dismissed, the limitation period may have run on one or more of the claims Barragan attempted to allege in her adversary proceeding. If we were to reverse or vacate the jurisdictional dismissal, the original adversary proceeding would be reinstated and any such time-barred claims would be preserved. While Barragan has not identified any potentially time-barred claims, Barragan does not bear the burden of proof to establish that her appeal is not moot. The burden regarding mootness is borne by the party (if any) advocating in favor of mootness. See Focus Media, Inc. v. Nat'l Broad. Co. Inc. (In re Focus Media, Inc.), 378 F.3d 916, 923 (9th Cir. 2004).

Under these circumstances, this appeal is not moot.

For similar reasons, we also conclude that Barragan has standing to appeal. Bankruptcy appellate standing is a prudential standing doctrine requiring an appellant to demonstrate that he or she has been "directly and adversely affected pecuniarily" by the order on appeal. Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 873 (9th Cir. 2011). To satisfy this requirement, Barragan needed to show that the order appealed diminished her property, increased her financial burdens, or

8

detrimentally affected her rights. <u>Fondiller v. Robertson (In re Fondiller)</u>, 707 F.2d 441, 442 (9th Cir. 1983). The $293 fee that Barragan would need to pay to re-file and the potential that some of her claims might now be time-barred are sufficient to satisfy her appellate standing burden.

Having dispensed with the mootness and standing issues, we turn our attention to the issue of whether the bankruptcy court correctly determined that it lacked subject matter jurisdiction over the adversary proceeding.

It is beyond dispute that, in the absence of a bankruptcy case, the bankruptcy court lacked subject matter jurisdiction over Barragan's adversary proceeding. Bankruptcy court jurisdiction is created and circumscribed by statute. Under the relevant statutes, 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(1), bankruptcy court jurisdiction hinges on the existence of a case under Title 11 of the United States Code – more commonly known as the Bankruptcy Code. <u>See generally</u> <u>In re Wilshire Courtyard</u>, 729 F.3d at 1284-85 ("Bankruptcy courts have subject matter jurisdiction over proceedings 'arising under title 11, or arising in or related to cases under title 11.'").

At the time Barragan filed her adversary complaint, she had not yet filed bankruptcy. Consequently, it is apparent here that the bankruptcy court lacked subject matter jurisdiction at that time.

However, within a few weeks of her commencement of the adversary proceeding and before the bankruptcy court dismissed her adversary proceeding, Barragan did file a chapter 13 bankruptcy case. Thus, the real question we must resolve is

9

whether Barragan's bankruptcy filing, by itself, automatically cured the jurisdictional defect such that the bankruptcy court committed reversible error when it ruled, after the bankruptcy case was filed, that the adversary proceeding should be dismissed for lack of jurisdiction.

We begin our analysis with the proposition that a federal court's jurisdiction ordinarily is assessed as of the date the complaint is filed. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed"); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 571 n.4 (1992). We know of no rationale or precedent indicating that this rule should not generally apply in the context of bankruptcy courts exercising jurisdiction under 28 U.S.C. § 1334(b).

But what should happen when, as here, the facts pertinent to the court's jurisdiction change after the filing of the complaint, such that those facts support the exercise of bankruptcy court jurisdiction even though the bankruptcy court clearly did not have such jurisdiction at the time the complaint was filed?

The answer to this question is found in Civil Rule 15(d), which is made applicable in adversary proceedings by Rule 7015. Civil Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that

10

the opposing party plead to the supplemental pleading within a specified time.

Civil Rule 15(d) permits litigants to supplement their pleadings to allege a valid jurisdictional basis for their legal action when events occurring after the commencement of the action support that jurisdictional basis. See Mathews v. Diaz, 426 U.S. 67, 75 (1976); Black v. Sec'y of Health and Human Servs., 93 F.3d 781, 789-90 (Fed. Cir. 1996); Enesco Grp., Inc. v. Campanaro (In re Enesco Grp., Inc.), 2013 WL 4045756, at *10 (Bankr. N.D. Ill. 2013).

Federal courts enjoy broad discretion to grant Civil Rule 15(d) motions to supplement, and the rule must be liberally interpreted and broadly applied to promote the interests of justice and judicial economy. See Keith v. Volpe, 858 F.2d 467, 473-75 (9th Cir. 1988). Here, however, Barragan never asked for leave to supplement her complaint to reference her subsequent bankruptcy filing. While the bankruptcy court, if asked, would have needed to consider whether it should exercise its discretion to grant such a request, we are not aware of any authority compelling the bankruptcy court to sua sponte grant leave to supplement under these circumstances. To the contrary, we believe that it would be inappropriate to reverse on this basis. See James Cape & Sons Co. v. PCC Constr. Co., 453 F.3d 396, 400-01 (7th Cir. 2006).

This is especially true here, because the bankruptcy court dismissed the adversary proceeding without prejudice and even suggested to Barragan that she might want to re-file her action in her newly-filed bankruptcy case. In response, Barragan never

11

articulated any reason why she could not do so, nor has she suggested on appeal that any real impediment exists.

We acknowledge that technical defects in pleading subject matter jurisdiction often are ignored in the federal courts when the entirety of the complaint demonstrates a valid basis for the courts to exercise jurisdiction. See, e.g., Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1515 (9th Cir. 1987); LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 196 F.3d 1, 5 (1st Cir. 1999). But this line of authority is inapposite here. The jurisdictional defect in Barragan's complaint may have been transitory, but it was not a merely technical one. Rather, it was genuine and significant, and nothing else in Barragan's complaint demonstrated a valid basis for jurisdiction.

We also acknowledge that Barragan filed her complaint in propria persona and that we must construe pro se pleadings liberally. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Nonetheless, even pro se litigants must follow procedural rules. See Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton), 449 B.R. 79, 83 (9th Cir. BAP 2011); see also Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules."). In accordance with Civil Rules 8(a) and 15(d), there were simple steps Barragan could have taken on her own behalf to advance her litigation interests in the bankruptcy court. She did not do so. These missed opportunities ultimately proved fatal to her adversary proceeding. On this record, we will not reverse the bankruptcy court for not sua sponte initiating these steps on Barragan's

12

behalf.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's jurisdictional dismissal of Barragan's adversary proceeding.

13